**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ABDUL KARIM HASSAN,

Plaintiff-Appellant,

v.

THE STATE OF COLORADO; SCOTT GESSLER, in his official capacity as Secretary of State of the State of Colorado,

Defendants-Appellees.

No. 12-1190
(D.C. No. 1:11-CV-03116-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

Abdul Karim Hassan is a naturalized citizen who wishes to run for the Presidency of the United States. This even though the Constitution says "[n]o person except a natural born Citizen . . . shall be eligible to the Office of President."

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S. Const. art. II, § 1, cl. 5. After the Colorado Secretary of State informed him that his ineligibility for office precluded his placement on the ballot, Mr. Hassan brought this lawsuit asserting that the natural-born-citizen requirement, and its enforcement through state law barring his access to the ballot, violates the Citizenship, Privileges and Immunities, and Equal Protection Clauses of the Fourteenth Amendment. The magistrate judge heard the case on consent of the parties and eventually concluded that the Fourteenth Amendment did not affect the validity of Article II's distinction between natural-born and naturalized citizens. *See Hassan v. Colorado*, ___ F. Supp. 2d ___, 2012 WL 1560449 (D. Colo. 2012); *see also Hassan v. New Hampshire*, No. 11-cv-552-JD, 2012 WL 405620 (D.N.H. Feb. 8, 2012) (reaching same conclusion in Hassan's challenge to exclusion from New Hampshire ballot). The magistrate judge granted summary judgment to defendants and Mr. Hassan appealed.

We affirm. We discern no reversible error in the magistrate judge's disposition and see little we might usefully add to the extensive and thoughtful opinion he issued. To be sure, Mr. Hassan contends the magistrate judge overlooked one aspect of his claim. Mr. Hassan insists his challenge to Colorado's enforcement of the natural-born-citizen requirement did not depend exclusively on invalidation of Article II by the Fourteenth Amendment. Even if Article II properly holds him ineligible to *assume the office* of president, Mr. Hassan claims it was still an unlawful act of discrimination for the state to deny him *a place on the ballot*. But, as the

magistrate judge's opinion makes clear and we expressly reaffirm here, a state's legitimate interest in protecting the integrity and practical functioning of the political process permits it to exclude from the ballot candidates who are constitutionally prohibited from assuming office. *See generally Munro v. Socialist Workers Party*, 479 U.S. 189, 193-95 (1986); *Bullock v. Carter*, 405 U.S. 134, 145 (1972).

The judgment of the district court is affirmed. Appellant's motion for publication is denied.

Entered for the Court

Neil M. Gorsuch
Circuit Judge